UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nancy Hope Fairstone-Lubet, | Civil Action No.: cv10-2280 |
| Plaintiff, | |
| v. | |
| RJM Acquisitions; and DOES 1-10, inclusive, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Nancy Hope Fairstone-Lubet, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nancy Hope Fairstone-Lubet ("Plaintiff"), is an adult individual residing in Forest Hills, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5. The Defendant, RJM Acquisitions ("RJM"), is a New York business entity with an address of 6851 Jericho Turnpike, Syosset, New York 11791-4494, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by RJM Acquisitions and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RJM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation in the approximate amount of $250.00 (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RJM for collection, or RJM was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RJM Engages in Harassment and Abusive Tactics

12. RJM contacted the Plaintiff in an attempt to collect the Debt.

13. The Plaintiff, by written correspondence, requested RJM verify the Debt and disputed the Debt.

14. RJM failed to verify the Debt.

15. Furthermore, RJM placed the account on the Plaintiff's credit report as unpaid.

16. As a result of RJM's actions, the Plaintiff was unable to receive a credit card.

## C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants

3

attempted to collect an amount not authorized by the agreement creating the Debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

31. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

34. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

35. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

36. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

39. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

7. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 07, 2010

                Respectfully submitted,

                By _____

                Sergei Lemberg (SL 6331)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (877) 795-3666
                Attorneys for Plaintiff