## ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

Jonathan D. Elliot, Esquire
Direct Dial: (203) 332-5727
E-Mail: jelliot@znclaw.com

January 25, 2011

The Honorable William D. Wall
Magistrate Judge, Courtroom 820
U.S. District Court
Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, NY 11722-9014

Re:   Nancy Hope Fairstone-Lubet v. RJM Acquisitions
      Case No. 2:10-cv-02280-ADS-WDW
      U.S. District Court, Eastern District of New York

Dear Magistrate Judge Wall:

I represent defendant RJM Acquisitions ("RJM") in the above-captioned action and I write this letter pursuant to Local Civil Rules 37.1 and 37.3 and Your Honor's Individual practices.

RJM respectfully requests that the Court enter an order compelling plaintiff Nancy Hope Fairstone-Lubet ("Plaintiff") to respond to RJM's interrogatories and requests for production in this action under the FDCPA, 15 U.S.C. § 1692 *et seq.* The discovery requests were served by mail on October 12, 2010. No responses or requests for extensions were received. After one or more requests for and promises of compliance, the Plaintiff served untimely responses and objections on December 15, 2010 (Exhibit D). These responses are inadequate for a number of reasons: (1) they are untimely; (2) interrogatory responses are not signed; (3) the responses are evasive; and (4) to date, Plaintiff still has not produced a single document. (Plaintiff's Responses are attached hereto as Exhibit A). Subsequent to receiving Plaintiff's purported discovery responses, the undersigned sought in good faith to confer with Plaintiff's counsel regarding her noncompliance. (Exhibits B and C). Despite repeated promises to supplement her responses, regrettably no additional information has been provided.

### I.   RJM Requests that the Court Order Plaintiff to Respond Fully to its Interrogatories.

RJM respectfully requests that the Court direct Plaintiff to respond to the following interrogatories:

ZELDES, NEEDLE & COOPER
A PROFESSIONAL CORPORATION

2.  Identify the written correspondence referred to in Paragraph 13 of the Complaint.

3.  Identify each credit report on which the Plaintiff claims the account appears.

4.  Identify each document concerning any application for credit made by Plaintiff to any creditor between May 1, 2008 and May 17, 2010 including (a) the date of the application and its purpose; (b) the creditor; (c) the amount of credit sought; (d) whether the application was granted or denied; and (e) identify any correspondence notifying the Plaintiff of the approval or denial.

5.  Identify any collection agency or creditor that sought to collect overdue amounts from the Plaintiff in the two years next preceding the filing of the Complaint in this action.

6.  State whether plaintiff claims to have suffered actual damages as a proximate result of any violation by the Defendant. If so, for each such claimed violation, state the amount of actual damages caused, state the factual basis for the damages claimed and describe the manner in which such damages were calculated.

7.  Identify any health care provider who has treated the Plaintiff for any condition in the two years next preceding the filing of the Complaint and state whether Plaintiff claims that such condition was caused by unlawful conduct of the Defendant.

8.  Describe the "false credit information" referenced in Paragraph 21 of the Complaint.

9.  Describe the factual basis for the claim set forth in Paragraph 23 of the Complaint.

11. Identify each communication from the Defendant to the Plaintiff in which Defendant sought to collect a debt from the Plaintiff.

Plaintiff has either improperly objected (4, 5, 6 and 7), referred instead to documents that she has not produced (2 and 3), or answered evasively (8, 9, and 11). The objections are untimely and have been waived. *E.g., Senat v. City of New York,* 255 F.R.D. 338 (E.D.N.Y. 2009). The remaining responses are tantamount to no response at all. Plaintiff claims that she incurred a debt (Complaint ¶¶ 8-9) yet claims not to owe the creditor and not to know the name of the creditor despite the fact that she alleges the debt is wrongly reported on her credit report, a report she refuses to identify or produce. Frankly, the claims appear inconsistent and senseless. In any event, Plaintiff's failure to provide appropriate responses, signed under oath, is completely unwarranted.

ZELDES, NEEDLE & COOPER
A PROFESSIONAL CORPORATION

Page 3
January 25, 2011

**II.    RJM Requests that the Court Order Plaintiff to Produce Documents Responsive to the following Document Requests:**

2. All documents concerning any dispute by the Plaintiff concerning the Debt.

3. All communications between the Defendant and the Plaintiff concerning the Debt.

4. All credit reports reflecting the account owed by Plaintiff during the two years next preceding the date of the Complaint.

8. Plaintiff's federal income tax returns for 2008 and 2009.

9. All documents concerning any credit application made by Plaintiff to any creditor in the two year period next preceding the filing of the Complaint.

10. Any correspondence received from any collection agency in the two year period.

These requests are based upon the allegations of the Complaint and Plaintiff's claims about actual damages and credit denials. The plaintiff's Complaint refers to the existence of certain documents (Complaint ¶¶ 13, 15), yet plaintiff has asserted untimely and specious objections, refusing to produce them. The requests are clearly relevant to the claims and defenses herein, and Plaintiff's inadequate responses and untimely objections, *Senat, supra*, are unwarranted.

## Conclusion

For the foregoing reasons, RJM respectfully requests that the Court enter an order directing Plaintiff to respond to Defendant's interrogatories and requests for production, and awarding to Defendant the reasonable costs of this motion, including a reasonable attorneys' fees or such other relief under Federal Rule 37 as the interests of justice may require.

Respectfully,

Jonathan D. Elliot

JDE/raf

cc:   Sergei Lemberg, Esq.