UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Nancy Hope Fairstone-Lubet, | : Index No. : 10-cv-02280 (ADS)(WDW) |
| Plaintiff, | |
| v. | |
| RJM Acquisitions L.L.C., and DOES 1-10 Inclusive | |
| Defendant. | |

**AFFIDAVIT OF SERGEI LEMBERG, ESQ. IN SUPPORT OF
THE MOTION TO WITHDRAW AS COUNSEL**

**STATE OF CONNECTICUT** )
                                    ) ss.:
**COUNTY OF FAIRFIELD** )

     **I, SERGEI LEMBERG**, being first duly sworn, deposes and says:

     1.    I am the founder and principal of Lemberg & Associates, LLC. ("Counsel"). We currently represent Plaintiff Nancy Hope Fairstone-Lubet in the above-captioned action. I submit this affidavit in support of the Motion to Withdraw as Counsel to the Plaintiff. I have personal knowledge of the facts stated in this affidavit.

     2.    The attorney-client relationship between Plaintiff and Counsel has deteriorated and has become unworkable. Plaintiff has been unresponsive to Counsel's requests for relevant information and documentation and has been generally uncooperative in prosecuting her case. Under these circumstances Counsel cannot continue to represent Plaintiff.

     3.    Counsel has attempted to obtain relevant documents and information to respond to the Defendant's discovery demands. Despite assurances on numerous occasions that such documents were forthcoming, they have not been received by Counsel.

4. Local Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

5. It is well settled that the failure of a client to cooperate with counsel in the prosecution of an action constitutes "satisfactory reasons" for withdrawal as counsel. *See* Hetrick's Poultry Farm, Inc., v. All City Poultry Corp., 1998 WL 199840 (E.D.N.Y., March 17, 1998); *see also* US v. Lawrence Aviation Industries, et al., 2011 WL 601415, *1 (E.D.N.Y., Feb. 11, 2011). As set forth above, Plaintiff has failed to cooperate with Counsel in the prosecution of this action

6. Local Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." The matter is in the discovery phase of litigation with a completion date of July 1, 2011. Accordingly, Plaintiff would not be unduly prejudiced by retaining new counsel to complete this and the next phase of the subject litigation.

7. If Counsel were permitted to withdraw, Counsel respectfully requests that the Court allow Plaintiff thirty days to enter the appearance of successor counsel. *See* Lawrence Aviation, *supra*, (withdrawal granted and claimants permitted thirty days to secure other counsel). Counsel has already advised Plaintiff to seek new counsel.

8. For the foregoing reasons, Counsel respectfully requests the Court grant the Motion to Withdraw as Counsel for Plaintiff in this matter.

I declare under penalty of perjury that the above is true and correct. Executed pursuant to the laws of the State of Connecticut on this 24 day of February 2011, at Stamford, Connecticut.

_____
Sergei Lemberg

Subscribed and sworn to before me this 24th day of February, 2011.

Volodymyr Hisnyk
Commissioner of the Connecticut Superior Court